OPINION
{¶ 1} Appellant, James C. Brooks, Jr. appeals the sentence imposed upon him by the Lake County Court of Common Pleas for his conviction on one count of aggravated assault, a fourth degree felony, in violation of R.C. 2903.12.
 {¶ 2} On September 30, 2001, a fight between appellant and the victim, Larry Thompson, occurred inside appellant's residence. During the conflict, appellant struck Thompson on the head with a shovel causing him severe head injuries. On November 21, 2001, appellant was indicted by the Lake County Grand Jury on one count of felonious assault, a second degree felony in violation of R.C. 2903.11(A)(2). Appellant waived his right to be present at his arraignment, and the trial court entered a not guilty plea to the charge on his behalf.
 {¶ 3} On January 20, 2002, appellant withdrew his not guilty plea and entered a plea of guilty to aggravated assault, a fourth degree felony. The matter was referred to the Lake County Adult Probation Department for a pre-sentence investigation report ("PSI") and victim impact statement. On March 4, 2002, appellant was sentenced to seventeen months in prison.
 {¶ 4} Appellant now appeals and raises the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment without making the requisite findings under the applicable sentencing statutes."
 {¶ 6} When reviewing the imposition of a sentence imposed under felony sentencing laws, an appellate court may not disturb the trial court's decision unless it finds, by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Statev. Boczek, 11th Dist. No. 2001-L-193, 2002-Ohio-6924 at ¶ 11. When reviewing the propriety of the sentence imposed, an appellate court shall examine the trial court record, including the pre-sentence investigation report, and any oral or written statements made to or by the court at the sentencing hearing.
 {¶ 7} In the current matter, appellant was convicted of aggravated assault, a fourth degree felony. R.C. 2929.13(B) provides various factors which guide a court's discretion when imposing a sentence for a conviction on a fourth or fifth degree felony. R.C. 2929.13(B)(2)(a) mandates a prison term for a fourth degree felony where a court determines: (1) that the offender is not amenable to a community control sanction; (2) that one or more of the factors set forth in 2929.13(B)(1)(a) through (i) apply to the offender; and (3) that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.13(B)(2)(a). After making this determination and considering the factors within R.C. 2929.12, a court may sentence an offender to a prison term. State v. Painter, 11th Dist. No. 2000-A-0093,2002-Ohio-1436. A sentence which merely repeats the statutory language "without any indicia of consideration of the factors set forth would be insufficient." State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 Ohio App. LEXIS 4498, at 4. Nevertheless, the trial court is given broad discretion in deciding the most effective way to uphold these objectives when sentencing a defendant. Id.
 {¶ 8} Generally, it is unnecessary for a sentencing court to state its reasons for imposing more than the minimum prison term. Boczek,
supra, at ¶ 14; see, also, State v. King (Dec. 7, 2001) 11th Dist. Nos. 2000-L-143 and 2000-L-144, 2001-Ohio-8758. However, when imposing a prison term for a felony of the fourth or fifth degree, R.C.2929.19(B)(2)(a) requires a trial court to state its reasons for selecting the sentence, which are to be based upon the overriding purposes and principles of felony sentencing found in R.C. 2929.11. In order to comply with this requirement, "the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination. State v. Conte (Dec. 14, 2001), 11th Dist. No. 2000-L-104, 2001 Ohio App. LEXIS 5651, at 7. Without the requisite findings and reasons, an appellate court will remand the matter to the trial court for compliance with the appropriate features of Ohio's sentencing law. State v. Fails (Nov. 9, 2001), 11th Dist. No. 2000-P-0119, 2001 Ohio App. LEXIS 5056, at 7. "* * * [T]he trial court's findings under * * * 2929.11, 2929.12, [2929.13,] 2929.14, and 2929.19 * * * determine a particular sentence[.] * * * [Therefore,] a sentence unsupported by these findings is both incomplete and invalid." Id. at 8, citing, State v. Sparks (Aug. 16, 2001), 3rd Dist. No. 14-01-03, 2001 Ohio App. LEXIS 3621.
 {¶ 9} In the current matter, appellant cites to Fails, for his proposition that the trial court did not comply with the necessary statutory requirements set forth in R.C. 2929.12 and 2929.13. In Fails,
we reversed the trial court because it made no concrete references to the statutory guidelines and did not provide the requisite findings and reasons required under the sentencing guidelines.
 {¶ 10} In its judgment entry, the trial court listed the statutory factors it considered pursuant to R.C. 2929.13(B). It further indicated its consideration of the record, oral statements, the victim impact statement, the pre-sentence report and/or any drug and alcohol evaluation submitted, as well as the principles and purposes of sentencing under R.C. 2929.11. Moreover, the court stated that it had balanced the seriousness and recidivism factors under R.C. 2929.12. However, the judgment entry itself is limited with respect to reasons supporting these conclusions.
 {¶ 11} Nonetheless, while appellate review commences by an inspection of the judgment entry, it includes the review of any findings the trial court made on the record at a sentencing hearing. As such, the trial court made the following findings on the record:
 {¶ 12} "I have considered in my sentencing the provisions of Ohio Revised Code Sections 2901.01, 2929.01, 2929.11 through 2929.19 and related sections of the Revised Code, and all amendments to the Revised Code concerning mandatory sentencing. I also have a copy of the victim impact statement. I also have a copy of the sentencing memorandum * * * and have read it. I have also considered the criterion for imposing community control sanctions as set forth in Revised Code Sections 2929.15
through 2929.18, the presentence report, recommendations of the Lake County Adult Probation Department, * * *.
 {¶ 13} "And in rendering sentence, make the following findings as required by the legislature for the State of Ohio: As far as felony factors, sentencing factors to be weighed in every case, factors indicating the offense was More Serious under 2929.12(B), I find the victim suffered serious physical and psychological harm, which will ultimately result in economic harm also that a weapon was used.
 {¶ 14} "Under Less Series [sic.] 2929.12(C), I find nothing.
 {¶ 15} "Under factors indicating Recidivism is More Likely under2929.12(D), I find the act was committed while Mr. Brooks was under community sanctions from Euclid Municipal Court, that there is a lengthy adult criminal convictions and juvenile adjudications, Mr. Brooks has not responded favorably to previously imposed sanctions, alcohol and or drug abuse was related to the offense. I find no genuine remorse.
 {¶ 16} "Under Less Likely, I find nothing.
 {¶ 17} "Under sentencing, sentencing factors for felony four and fives, I find five factors are present: There is physical harm to a person, there was an attempt to cause or actual threat of physical harm to a person with a weapon, there was an attempt or actual threat of physical harm to a person and prior conviction for causing harm, Mr. Brooks served a prior prison sentence, that the act was committed while the offender was under community control.
 {¶ 18} "If any of the nine factors are present, and five of them are, as many as I have ever had, a prison sentence may be imposed if after weighing the seriousness and recidivism factors, prison is consistent with the purposes and principles of the sentence and the offender is not amenable to an available community sanction and I so find."
 {¶ 19} In the instant case, the trial court explicitly determined that community control sanctions were inappropriate. Moreover, the court articulated its consideration of the relevant R.C. 2929.13(B)(1) factors. To wit, the court found the victim was harmed as a consequence of appellant's threat or attempt to cause such harm with a shovel. See R.C. 2929.13(B)(1)(a) and (b). Furthermore, the court stated that appellant served a prior prison sentence and that he had been previously convicted of an offense that caused physical harm to another person. See R.C. 2929.13(B)(1)(c) and (g). The court also determined that the current assault was committed while appellant was under community control sanctions. See R.C. 2929.13(B)(1)(h).
 {¶ 20} Additionally, during the proceedings, the court stated: "* * * [A]lthough I don't have to find that, I am going to find that the shortest term would demean the seriousness of the offense and not adequately protect the public. [I] will sentence you to 17 months to the Lorain Correctional Institution."
 {¶ 21} There are two overriding purposes of the Ohio sentencing guidelines: Protecting the public and punishing the offender. See R.C.2929.11(A). As the court indicated, it was not obligated to make the particular findings it did in the above quote (because it did not impose the maximum sentence). However, in doing so, the court illustrated its belief that the sentence was consistent with the purposes and principles of the sentencing guidelines. Therefore, the trial court justified the imposition of a prison term with reasons consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.
 {¶ 22} Next, the trial court considered the appropriate R.C. 2929.12
factors in compliance with R.C. 2929.13. Specifically, the record indicates that appellant struck the victim with a shovel, that the victim suffered serious physical and psychological harm from the assault and, as a result, will suffer economic harm. See R.C. 2929.12(B). Moreover, appellant's PSI demonstrates a lengthy adult and juvenile criminal history and appellant's past criminal convictions and subsequent sentences illustrate that he has not responded favorably to previous sanctions. See R.C. 2929.12(D). Therefore, the lower court sufficiently articulated its reasons, in relation to the relevant statutory provisions, for imposing a seventeen month prison term.
 {¶ 23} However, appellant claims that the trial court erred by failing to consider the mitigating factors listed within R.C. 2929.12(C). As a result, appellant contends that the trial court "misapplied" the sentencing factors and mistakenly sentenced him to a term of seventeen months. We disagree. As indicated above, the lower court stated, on the record, that it found no R.C. 2929.12(C) factors which might make appellant's conduct less serious. Thus, the record demonstrates that the lower court considered the factors present in R.C. 2929.12(C). Furthermore, during the sentencing proceeding, appellant's trial attorney failed to present facts that would trigger any of the R.C. 2929.12(C) factors. Therefore, the court did not "misapply" the statutory factors when it found no R.C. 2929.12(C) factors mitigating the seriousness of appellant's conduct.
 {¶ 24} In sum, after reviewing the record, we cannot find, by clear and convincing evidence, that appellant's sentence is unsupported by the record or otherwise contrary to law. That said, the lower court followed the necessary procedure established by R.C. 2929.13(B)(2)(a) for imposing a prison term on an offender convicted of a fourth degree felony. Therefore, appellant's sole assignment of error is overruled and the judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
DOANLD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.